1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KATHERINE LUCILLE MARTIN,            Case No.  1:21-cv-00292-DAD-BAM

12              Plaintiff,
                                          **FINDINGS AND RECOMMENDATIONS**
13        v.                              **REGARDING PLAINTIFF'S MOTION FOR**
                                          **SUMMARY JUDGMENT**
14   LELAND DUDEK, Acting Commissioner
     of Social Security,[1]               (Docs. 15, 17)
15
16              Defendant.

17

18

19                         **<u>INTRODUCTION</u>**

20        Plaintiff Katherine Lucille Martin ("Plaintiff") seeks judicial review of a final decision of the

21   Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance

22   Benefits under Title II of the Social Security Act.  The parties' briefing on the motion was submitted,

23   without oral argument, to Magistrate Judge Barbara A. McAuliffe for findings and recommendations.

24   (Docs. 15, 17.)  Having considered the parties' briefs, along with the entire record in this case, the

25   Court finds that the decision of the Administrative Law Judge ("ALJ") was not supported by

26

27   _____
     [1] Leland Dudek became the Acting Commissioner of Social Security in February 2025.  Pursuant to
28   Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted for Kilolo Kijakazi as
     Defendant in this suit.

                                        1

substantial evidence in the record and was not based upon proper legal standards.  Accordingly, this Court will recommend reversing the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff applied for Title II Disability Insurance Benefits on September 12, 2016, alleging that she became disabled on August 23, 2016.  AR 375-76.[2]  The claim was denied initially on November 15, 2016, and on reconsideration on April 7, 2017.  AR 274-85, 286-300.  Plaintiff requested a hearing before an administrative law judge ("ALJ") and ALJ Shiva Bozarth. held a hearing on January 9, 2019.  AR 224-273.  ALJ Bozarth issued an order denying benefits on the basis that Plaintiff was not disabled on May 1, 2019.  AR 34-55.  Plaintiff sought review of the ALJ's decision, which the Appeals Council denied.  AR 9-14.  This appeal followed.

### Medical Record

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

### The ALJ's Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act.  AR 34-55.  Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 23, 2016.  AR 39.  The ALJ identified the following severe impairments: osteoarthritis; degenerative changes to the shoulders; mild degenerative disc disease; borderline personality disorder; bipolar disorder; attention deficit disorder; and depression.  AR 40.  The ALJ also noted the nonsevere impairment of renal cysts.  *Id.*  The ALJ further determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments.  AR 40-41.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work except that Plaintiff could lift and carry 20 pounds

_____

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

occasionally and 10 pounds frequently; could stand and/or walk at least six hours; could sit for at least six hours total in an eight-hour workday; could frequently balance, kneel, crouch, crawl, and climb ramps or stairs; could occasionally stoop and climb ladders or scaffolds; could frequently push and pull; could frequently reach overhead with the dominant right upper extremity; could occasionally reach and handle with the non-dominant left upper extremity; could only simple routine tasks; and was limited to only routine work related decision making.  AR 41.  The ALJ considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," as well as "opinion evidence."  *Id.*

The ALJ found that Plaintiff was unable to perform past relevant work, was defined as a younger individual on the alleged disability onset date, had at least a high school education and could communicate in English, and that transferability of job skills was not material to the disability determination.  AR 48.  Given Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.  AR 48-49.  The ALJ noted that examples of jobs consistent with Plaintiff's age, education, work experience, and RFC included: Advertising Material Distributor (DOT No. 230.687-010, Light, Unskilled (2), 46,000 jobs nationally); Can Filling and Closing Machine Tender (DOT No. 529.685-282, Light, Unskilled (2), with 25,000 jobs nationally); and Parking Lot Attendant (DOT No. 915.473-010, Light, Unskilled (2), with 26,000 jobs nationally).  AR 49.  The ALJ therefore concluded that Plaintiff had not been disabled from August 23, 2016, through the date of the decision.  *Id.*

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the

Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[3]

Plaintiff first argues that the ALJ erred by properly weighing the Medical Source Statements and MRFC limitations of Plaintiff's long-term, treating psychiatrist, Dr. Dwight W. Sievert. (Doc. 15 at 9-13.) Plaintiff also argues that the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's subjective symptoms. (*Id.* at 14-18.)

### A. Plaintiff's Subjective Complaints

Plaintiff contends that the ALJ committed harmful error by failing to provide clear and convincing reasons for rejecting Plaintiff's testimony as inconsistent with the evidence, and argues that the ALJ's summary of the medical evidence does not constitute clear and convincing reasons for

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

discounting Plaintiff's testimony.  (*Id.*)  In deciding whether to admit a claimant's subjective complaints, the ALJ must engage in a two-step analysis.  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r*, 359 F.3d 1190, 1196 (9th Cir. 2004).  First, the claimant must produce objective medical evidence of her impairment that could reasonably be expected to produce some degree of the symptom or pain alleged.  *Garrison*, 759 F.3d at 1014.  If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.  *Id.* at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms.  AR 47.  However, the ALJ discounted Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms, noting that the statements were not consistent with medical evidence and other evidence in the record.  *Id.*  The ALJ was therefore required to provide specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.

The ALJ found that Plaintiff's allegations were not fully consistent with the medical and other evidence, noting that Plaintiff's "statements and allegations are not fully consistent with the medical and other evidence."  AR 47.  Although lack of supporting medical evidence cannot form the sole basis for discounting testimony, it is a factor that the ALJ can consider.  *See Burch*, 400 F.3d at 681 (9th Cir. 2005).

Here, the ALJ contrasted Plaintiff's allegations with the objective findings as follows:

> In this case, the claimant's statements and allegations are not fully consistent with the medical and other evidence. For example, she alleged her ability to stand and walk is "affected" (see Exhibit 4E, p. 6), but the record, which routinely showed she was able to heel and toe walk and she ambulated without problems or an assistive device (see Exhibits 3F, pp. 4, 10, 19; 4F, p. 19) does not support this. The claimant further alleged her ability to get along with others is "affected" (see Exhibits 4E, p. 6), but that is internally inconsistent with her own report that she spends time with others and is very respectful toward authority figures (see Exhibit 4E, pp. 5-7). Overall, the claimant alleges suffering from significant limitations, which prohibit her from working (see Exhibits 2E, p. 2; 4E; hearing testimony), but that is inconsistent with a December 2018 examination showing a full range of motion with good

strength and only minimal discomfort in the extremities (see Exhibit l0F, p. 5). It is also inconsistent with a report showing the claimant exhibited a goal directed thought process with intact judgment and insight and she appeared capable of doing simple math calculations (Exhibit 20F, p. 5). In addition, an alleged inability to work is inconsistent with the findings and opinions of Drs. Michiel (see Exhibit 20F), Wagner (see Exhibit l0F), Nasrabadi (see Exhibit 1A), and Herman (see Exhibit 3A).

In sum, the above residual functional capacity assessment is supported by the overall medical evidence of record for the reasons discussed above. The medical evidence of record does not support the extent of the claimant's subjective complaints and her statements and allegations are not fully consistent with the medical and other evidence.

AR 47.

The ALJ contrasts Plaintiff's allegations that her physical and mental impairments prevented her from working with evidence from medical reports that demonstrated relatively normal findings. *See* AR 879-80 (December 2018 report noting "Strength is 5/5 in the bilateral upper and lower extremities including grip strength bilaterally" and generally normal range of motion findings); AR 1532 (December 15, 2018 report noting that Plaintiff's "thought process was goal-directed," she "appeared able to do simple math calculations," and she had normal findings for judgment and insight). The ALJ therefore appropriately used the lack of medical evidence as one factor to discount Plaintiff's symptoms testimony.

However, the ALJ solely points to the medical evidence and does not discuss any other reasons in discounting Plaintiff's testimony. The Ninth Circuit has held that while lack of medical evidence may be a factor in discounting pain testimony, it "cannot form the sole basis." *Burch*, 400 F. 3d at 681. As the ALJ only uses the lack of medical evidence to discount Plaintiff's symptoms testimony, the ALJ erred in evaluating Plaintiff's symptoms testimony.

Defendant argues that testimony that contradicts the medical record is a sufficient basis for rejecting the claimant's subjective testimony, citing *Carmickle v. Comm'r*. (Doc. 17 at 14). In *Carmickle v. Comm'r*, the Ninth Circuit examined the ALJ's rejection of a claimant's testimony, noting that the "ALJ also rejected [claimant's] testimony that he can lift only 10 pounds occasionally in favor of Dr. Patton's contradictory opinion that he can lift up to 10 pounds frequently" and holding

that "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). However, the Ninth Circuit in that case also noted that the "ALJ rejected [claimant's] assertion that he has to 'change positions constantly' when sitting, finding it inconsistent with [claimant's] full-time college attendance." *Id.* Rather than holding that a lack of medical evidence may be the sole basis for discounting symptoms testimony, the Ninth Circuit noted it as one basis among others for discounting symptoms testimony. Defendant's argument that the ALJ appropriately discounted Plaintiff's symptoms testimony based solely upon the medical evidence is therefore incorrect.

Defendant argues that the Court should defer to the ALJ's interpretation of the evidence in place of Plaintiff's interpretation of the evidence. (Doc. 17 at 14.) The Ninth Circuit has held that when "the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson,* 359 F.3d at 1198 (citing *Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir. 1995)). However, the issue here is not whether the ALJ improperly interpreted evidence, but instead whether the ALJ had another reason beyond the lack of medical evidence for discounting Plaintiff's symptoms testimony. Defendant's argument is therefore unavailing.

Accordingly, the ALJ erred in discounting Plaintiff's symptoms testimony.

**B. Remedy**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel,* 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). As it is not clear that "further administrative proceedings would serve no useful purpose," remand for further proceedings is appropriate. *Id.*; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted). On remand, the ALJ should specifically address Plaintiff's symptoms testimony.

Having found that remand is warranted, the Court declines to address Plaintiff's remaining argument that the ALJ failed to properly evaluate the opinions of Plaintiff's treating psychiatrist.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F.Supp.2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."); *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other arguments raised.").

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole and is not based on proper legal standards.  Accordingly, IT IS HEREBY RECOMMENDED as follows:

1.     Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be GRANTED;

2.     The agency's determination to deny benefits be REVERSED; and

3.     The Clerk of this Court be directed to enter judgment in favor of Plaintiff Katherine Lucille Martin and against Defendant Leland Dudek, Acting Commissioner of Social Security.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered**.  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **April 15, 2025**          /s/ *Barbara A. McAuliffe*          
                                    UNITED STATES MAGISTRATE JUDGE

9